HERBERT A. CADE, Judge Pro Tem.
Leona Joseph was diagnosed with cancer of the breast in 1977. A mastectomy was performed, but the cancer had begun to spread. By 1980 her condition had wors *223 ened and the cancer had so affected her bones that even slight trauma could cause a fracture. She moved to live with her daughter, Emelda Harness, because her illness left her unable to care for her own home or for herself. A sister, Lillian Mason, and a second daughter, Joan Duhon, visited every day and helped her out of bed. On these occasions she was able to visit in the living room and to eat dinner with her family.
In July of 1982 Leona Joseph brushed against a door and broke her shoulder. Surgery was performed by Dr. Dabezies, at Hotel Dieu Hospital in New Orleans, and she returned home to convalesce. X-rays taken later in July indicated that the break was mending satisfactorily. She returned again to Hotel Dieu for x-rays on November 22, 1982. The claims asserted in this survival action arise out of the latter visit.
Lillian Mason testified that she accompanied her sister to the November appointment. She testified that she informed the x-ray technician that her sister could not help herself and required careful assistance to get from her wheelchair to the x-ray table. The technician refused assistance from Mrs. Mason and took Leona Joseph alone to the x-ray room. Mrs. Mason testified that she accompanied her sister directly home when the x-rays were completed; over objection she continued to testify as follows:
... when [we] got home she told me that she had a pain and her upper back was hurting her. And I asked her what happened. So she told me that the lady let her fall off the table....
Her two daughters also testified, over objection, that Leona Joseph related to them that the x-ray technician dropped her, causing her to strike her back against the x-ray table.
Leona Joseph was taken back to the hospital five days later when the pain in her back would not subside. She explained to her treating physician, Dr. Weilbaecher, that she had been injured in the x-ray room. Her medical records were introduced at trial. Dr. Weilbaecher read from the records:
... It says here, ‘Have been having low back pain times five days that occurred when she was being helped on x-ray table. Patient has a compression fracture of the LI vertebral body.’ I wrote down on November 27th, ‘Has low back pain times five days since being helped on x-ray table.’
Dr. Dabezies, Dr. Weilbaecher, Lillian Mason, Emelda Harness, and Joan Duhon all testified that Leona Joseph had no complaints of back pain prior to the November x-ray. Drs. Dabezies and Weilbaecher were each of the opinion, to a degree of medical certainty, that the symptoms described by Leona Joseph would have been caused by the incident she related. She returned home still in pain and was unable to leave her bed until she died, December 29, 1982.
At trial the Hospital put on no evidence. The x-ray technician was not produced or called to testify. Judgment was rendered awarding $10,000.00 for the pain and suffering endured by Leona Joseph prior to her death. In this appeal the Hospital argues that the hearsay testimony of decedent’s family was improperly received in evidence; that neither negligence nor con-nexity between negligence and injury was proven; and that excessive damages were awarded.
Having thoroughly reviewed this record we conclude that the evidence supports both verdict and award. Medical records are admissible under express legislative exception to the hearsay rule. R.S. 13:3714;[1] see also Johnson v. Bellefonte Ins. Co., 449 So.2d 1134, 1139-40 (La.App. 3rd Cir.1984). Leona Joseph’s medical records were properly admitted, and with *224 the uncontradicted expert medical testimony suffice to establish the cause of her injuries. Her statement to her sister, if not within the res gestae exception to the hearsay rule, a question we do not decide,[2] is cumulative of the medical records, as are her statements to her daughters. Admission of this evidence, as such, was not error.
Negligence was established by Dr. Dabezies’ testimony that normal and proper procedure in transferring a patient of Leona Joseph’s fragile condition from a wheelchair to an x-ray table requires assistance of more than one person: “The usual way to do this is lift them under the arms and somebody help them with their legs ...” We will not hold, in the face of this expert's observation and against our own common sense, that a hospital’s duty to a patient whose bones "... can come apart just rolling over in bed ...” is any less. And although we consider the award somewhat generous we think it within the discretionary range, where Leona Joseph’s injuries caused her considerable pain, and deprived her, in the last month of her life, of the few simple pleasures her condition otherwise allowed.
The judgment is affirmed.
LOBRANO, J., concurs.

. “Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination."

. But see State v. Reese, 250 La. 151, 194 So.2d 729, 733-34 (1967) (statement made 24 hours subsequent to infliction of injury within res gestae exception). In this respect we find appel-lees’ reliance on Nowell v. Universal Electric Co., 792 F.2d 1310 (5th Cir.1986) misplaced. There is no "catch-aH" exception to the hearsay rule comparable to Fed.R.Gvid. 803(24) in Louisiana law.